IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ASHLEY WHITE, <u>et. al.</u>,

Plaintiffs,

v.

MÁXIMO SOLAR INDUSTRIES, <u>et al.</u>,

Defendants.

CIVIL NO. 18-1913 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

This is an action for damages pursuant to Puerto Rico's general tort statute, Article 1802 of the Commonwealth's Civil Code, P.R. Laws Ann. tit. 31 § 5141, predicated on diversity of jurisdiction under 28 U.S.C. § 1332. Before the court are defendants' motions to dismiss (Docket Nos. 32, 36, 58, and 63), which plaintiffs opposed (Docket Nos. 44, 55, 65, 72). Defendants replied (Docket No. 56 and 60) and plaintiffs sur-replied (Docket No. 71). For the reasons discussed below, Máximo Group's motion is GRANTED and Máximo Solar's and David Roldán's motions are DENIED.

**I.   BACKGROUND**

Ms. Ashley White, her parents- Mrs. Michele White and Mr. William White -and the parents' legal conjugal partnership initiated the present action claiming that on September 20, 2017, Ms. White was injured when a solar panel broke loose and severed her neck, cutting various arteries, including the exterior jugular (Docket No. 21 at ¶ 67). Plaintiffs seek to recover all of the resulting damages (Docket No. 21 at ¶ ¶ 74, 137). Máximo Group requests dismissal on various

grounds, including timeliness (Docket No. 32, p. 2), whereas Máximo Solar and Roldán claim there is no diversity of citizenship between the parties (Docket No. 36, p. 3; Docket No. 58, p. 3).

## II. DISCUSSION

### A. Máximo Group

Timeliness is an affirmative defense that "may be raised in a motion to dismiss provided the facts establishing the defense are clear on the face of the plaintiffs' pleadings." Smith v. Condado Duo La Concha SPV, LLC., 140 F.Supp.3d 213 (D.P.R. 2015). Dismissal is appropriate "when the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations." Id. at 213-214.

In Puerto Rico, actions for damages under Article 1802 of the Civil Code are subject to the one-year statute of limitations set in Article 1868 of the Code, P.R. Laws Ann. tit. 31 § 5298. Ward v. Río Mar Associates, Inc., 788 F.Supp.2d 36, 39 (D.P.R. 2011)("The limitations period for actions brought pursuant to [A]rticle 1802 is one year"). The period "begins to run one day after the day of accrual." Centro Médico del Turabo v. Feliciano de Melecio, 406 F.3d 1, 9 (1st Cir. 2005). A claim accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine and Fire Ins. Co., 142 F.3d 1, 3 (1st Cir. 1998); Villarini-García v. Hospital del Maestro, Inc., 8 F.3d 81, 84 (1st Cir.1993)("The one-year period does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit").

Article 1873 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 § 5303, enumerates three mechanisms by which the prescription of actions can be interrupted or tolled: (i) judicial action; (ii) extrajudicial claim from creditor; and (iii) any act of acknowledgment of the debt by the debtor. See, Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009)(discussing topic). If the limitations period is interrupted, the period starts to run anew. See, Vargas Ruiz v. Golden Arch Development, 283 F.Supp.2d 450, 456 (D.P.R. 2003)(so stating).

To properly interrupt running of the limitations period, the extrajudicial claim must be "precise and specific." Riofrio v. Ralston Purina, 959 F.2d 1149, 1153 (1st Cir. 1992). It must be "made by the holder of the substantive right (or his legal representative)," Tokyo Marine and Fire Ins. Co., 142 F. 3d at 4; must be received by the debtor before lapse of the limitations period, Id.; and assert the same right and claim for relief later requested in court. See, Andino-Pastrana v. Municipality of San Juan, 215 F. 3d 179, 180-181 (1st Cir. 2000)(extrajudicial claim must reflect certain, precise and specific identify between the action instituted and the action tolled).[1] Unless duly interrupted or tolled, termination of the limitations period marks the extinction of the right of the injured plaintiff to recover, leaving him- or her -with a natural right "which may not be exacted by legal means." Vargas Ruiz, 283 F.Supp.2d at 455.

Based on the amended complaint, the incident resulting in damages occurred on September 20, 2017 (Docket No. 21). In this way, plaintiffs had until September 19, 2018, to initiate the action or toll running of the limitations period by any of the means set in Article 1873. But the complaint was filed on November 29, 2018 (Docket No. 1). Plaintiffs state that

---

[1] On the same topic, see, Torres v. Superintendent, 893 F.2d 404, 407 (1st Cir. 1990); Riofrio, 959 F.2d at 1154; and Valentín-Vega v. Allstate Ins. Co., 2011 WL 1843156, *2-*3 (D.P.R. May 16, 2011).

on April 9, 2018, their attorney sent to defendant Máximo Solar an extrajudicial claim addressed to Mr. Máximo Torres that interrupted the limitations period (Docket No. 39-1, p. 1-4). However, that was so as to Máximo Solar, not so for Máximo Group, as the letter did not mention Máximo Group.

Taking as true plaintiffs' assertion that both Máximo Solar and Máximo Group have the same postal address and same resident agent, and that both are in the business of renewable energy (Docket No. 44-1, pp. 2-3), plaintiffs should have become aware of Máximo Group's existence and considered the not implausible scenario that they could be liable for their damages. So, plaintiffs' search in the Puerto Rico State Department in November 2018, while revealing information regarding Máximo Group (Docket No. 44, p. 4), should have been done before the one-year period expired in order to timely present an action or claim with tolling effect under Article 1873 of the Civil Code. Under these circumstances, the action against Máximo Group is time barred.

B. Máximo Solar[2]

Máximo Solar claims there is no diversity here because plaintiffs are citizens of, and presumed to be domiciled, in Puerto Rico (Docket No. 36, p. 1). Plaintiffs counter stating they are residents of the State of Arkansas (Docket No. 55, p. 2). Federal courts have subject matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and where the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). For purpose of Section 1332, Puerto Rico is a "State." 28 U.S.C. § 1332(e). Diversity must be complete- "the presence of but one

---

[2] Defendant Roldán filed two motions to dismiss (Docket Nos. 58 and 63). Both motions repeat, at times *ad verbatim*, the grounds in support of dismissal put forward by Máximo Solar. Therefore, the court considers Roldán's motions together with those of Máximo Solar, and to facilitate review, jointly refers to these defendants as "Máximo Solar."

nondiverse party divests the district court of original jurisdiction over the entire action." In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007).

For purposes of diversity, "a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavía Hosp., 516 F.3d 29, 31 (1st Cir. 2008). A person's domicile is "the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988). Proving domicile requires two showings: (1) "physical presence in a place;" and (2) "the intent to make that place one's home." Valentín v. Hospital Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). Once challenged, the party invoking diversity jurisdiction "has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." Bank One v. Montle, 964 F.2d 48, 50 (1st Cir. 1992).

Domicile is determined as of the time "the suit is filed." García-Pérez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004). While there is a presumption of continued domicile, Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979)(presumption in favor of continuing domicile), a change in domicile can occur "instantly." Morris v. Gilmer, 129 U.S. 315, 328 (1889). If the new citizenship is acquired, "…[the] right to sue is a legitimate, constitutional, and legal consequence, not to be impeached by the motive of his removal." Id. However, this change in domicile must be "a real one, *animo manendi*, and not merely ostensible." Id.

Accepting at face value the unquestioned series of steps plaintiffs undertook to make Arkansas their new permanent place of residence prior to filing the complaint here, the court is satisfied with plaintiffs' showing of diversity of citizenship. Mr. and Mrs. White are retired, had

no employment in Puerto Rico, and have no employment in Arkansas (Docket No. 65, pp. 11-12). Their affirmative acts, including selling their properties in Puerto Rico, obtaining drivers' licenses and an identification card from Arkansas, purchasing a motor vehicle and registering it in Arkansas, registering as voters in Arkansas, living in Arkansas while looking for a house to purchase in that State, purchasing a house in Arkansas, attending a Brain Injury Support Group sponsored by the Baptist Health Rehabilitation Institute in Arkansas, arranging to obtain medical services for Ms. White's brain injury which are not available in Puerto Rico, and to be near Mr. White's family, all of whom reside in Arkansas in order to have family support, confirm their asserted intention to relocate to, and stay indefinitely in Arkansas (Docket No. 65, pp. 5-7). See, García Pérez, 364 F.3d at 351 (albeit no single factor is dispositive, factors indicating extent of particular party's ties to the purported domicile include employment, current residence, voting registration, location of property, driver's license and other automobile registration, and membership in unions, fraternal organizations, churches, clubs and other organizations).

Máximo Solar states that in a related case, plaintiffs alleged in February 2018 that they were residents and domiciled in the Commonwealth of Puerto Rico (Docket No. 36, p. 5). But as pointed out earlier, diversity is measured as of the time the suit is filed, and the captioned case was filed in November 2018, not February 2018. Further, even though plaintiffs express that the "Puerto Rico residence" representation in the related case was a "clerical error" (Docket No. 65, p. 8), at the end of the day motive for the change of residence "is irrelevant in determining domicile." Hawes, 598 F.2d at 701. And in any event, here there are therapeutic dictates that explain the change in domicile. See, Hawes, 598 F.3d at 699-703 (change of domicile from Puerto Rico to New York confirmed by therapeutic dictates of co-plaintiff's medical condition

following damage-producing accident). Because defendants are all citizens of Puerto Rico, diversity jurisdiction has been properly accredited beyond a preponderance of the evidence under 28 U.S.C. § 1332.

### III. CONCLUSION

In view of the foregoing, Máximo Group's motion to dismiss at Docket No. 32 is GRANTED and Máximo Solar's and David Roldán's "Motions to Dismiss" at Docket Nos. 36, 58, and 63 are DENIED. They shall answer the complaint not later than February 25, 2020.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of February, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge